■ In the Matter of DANIEL G. BROOKS, Respondent, v BARBARA L. BROOKS, Appellant. [627 NYS2d 111] —Crew III, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered January 5, 1993, which, *inter alia,* partially granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, to relocate with the parties' minor children.

The parties were married in 1978 and have two children, Jason (born in 1979) and Nathan (born in 1980). Petitioner and respondent separated in 1989 and, upon consent of the parties, an order was entered awarding custody to respondent and visitation to petitioner. Thereafter, in August 1990, respondent decided to relocate with the children to Pennsylvania. Petitioner immediately filed for sole custody and respondent cross-petitioned seeking permission to relocate with the children. Family Court in Dutchess County entered a temporary order continuing custody with respondent and expanding petitioner's visitation and transferred this proceeding to Ulster County, where the parties' matrimonial action was then pending. Following a hearing Family Court concluded, *inter alia,* that continued relocation was not in the children's best interest and conditioned respondent's award of sole custody upon her returning the children to this State and establishing a residence within a 30-mile radius of the Town of Marlborough, Ulster County, by August 1, 1993. This appeal by respondent followed.

Initially, we are of the view that respondent's appeal, insofar as it relates to *physical* custody of Jason and Nathan, is moot. The supplemental submissions provided to this Court by the parties indicate that although respondent returned the

children to this State in August 1993 in compliance with Family Court's order, Nathan subsequently returned to Pennsylvania to live with respondent in January 1994, while Jason remained with petitioner. In response to this Court's inquiry, counsel for respondent advised that although respondent would prefer that Jason live with her, she was willing to abide by his wishes and, given his age, would not force him to return to Pennsylvania. Similarly, counsel for petitioner advised that although petitioner was anxious to retain physical custody of Nathan, he felt that it was best that Nathan returned to Pennsylvania to reside with respondent. Inasmuch as the parties are in agreement that Jason should remain with petitioner and Nathan should continue to reside with respondent, this particular aspect of respondent's appeal is moot and should be dismissed, and this matter should be remitted to Family Court for entry of an order reflecting the current custody situation.* In light of this conclusion, we need not address the propriety of Family Court's initial determination in this regard, except to note that given, *inter alia,* the age of the parties' children and the period of time that has elapsed, we would be strongly disinclined to alter the existing custody arrangement in any event.

As to the issue of visitation, we note that the schedule devised by Family Court was predicated upon a custody arrangement that no longer exists and, to the extent that the schedule remains viable, it is apparent from the parties' respective submissions that they are not adhering to it. Additionally, there appears to be an ongoing dispute between the parties regarding who should bear responsibility for physically transporting the children and/or paying for their transportation costs which, in turn, has adversely affected the frequency with which such visitations occur. Again, in view of the amount of time that has elapsed and the changes in the parties' respective living and financial situations that have no doubt taken place, we deem it appropriate to remit this matter to Family Court for further proceedings on the issue of visitation and the associated costs, including a new hearing on this point if necessary.

---

* As to the issue of legal custody, it is apparent from the record that both petitioner and respondent are fit parents. It is equally apparent, however, that joint custody simply is not an option for the parties. Given the parties' relationship and the existing physical custody arrangement, we deem it appropriate that the parties each have legal custody of the child with whom they reside, i.e., petitioner should have legal and physical custody of Jason and respondent should have legal and physical custody of Nathan, and Family Court should enter an order to this effect.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision.